# Louis Baim, Defendant in Error, v. Cadillac Automobile Company of Illinois, Plaintiff in Error.

## Gen. No. 16,672.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the HON. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912. Rehearing denied May 7, 1912.

BERTRAND LICHTENBERGER and EDWARD B. WITWER, for plaintiff in error.

P. H. BISHOP, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Defendant in error, Baim, brought suit against plaintiff in error, Cadillac Automobile Company of Illinois, a corporation, in the Municipal Court of Chicago, to recover for damages he claimed were sustained to an automobile purchased by him from it. A jury trial was had, resulting in a verdict of $434.50. Baim remitted $20 from the verdict, whereupon judgment was entered for $414.50. Plaintiff in error insists that the verdict and judgment are erroneous.

It appears that Baim, having been solicited by a salesman of the company to purchase a new car, called at its place of business where he met the salesman,— and a Mr. Foster, president, and a Mr. Fisher, manager, respectively, of the company. A sample car was on the floor of the salesroom, and Baim claims that Foster and Fisher represented that their company was a manufacturer of the cars, and that the car he was

ordering should be like the sample car shown him, and he further says that when the car was received at the salesroom and he went to get it, Foster and Fisher showed him the car and told him that "it is in perfect order." He claims that he then paid for the car and took it away and kept it in a garage. He says that he used the car about twice a week for seven or eight weeks, for drives of approximately ten miles each; and then, one day when being driven, the car suddenly veered to the right (though he turned the steering wheel to the left), and ran into a ditch and was badly damaged, the repairs upon which cost the amount sued for.

Baim contends that the reason why the machine refused to obey the steering wheel was that there was no key in the slot provided in the hand steering wheel and the shaft (over which the wheel fits) which guides and controls the front wheels,—and that this condition existed when the machine was delivered to him, though he was not aware of it.

Plaintiff in error offered in evidence the original order for the machine, dated March 13, 1909, signed by Baim and approved by Foster, its president. Its witnesses denied the alleged representations testified to by Baim, and strenuously contended that the claim that the car had been operated for the time and in the manner described by Baim with the key lacking, as claimed, was a physical impossibility.

At the request of plaintiff in error, the court struck from the record and withdrew from the jury the testimony of Baim with reference to any representations as to the quality or condition of the automobile, and as to whether it was according to sample, made verbally to him at the store of the company by any officer or agent of the company at the time of the sale, evidently upon the theory that all prior negotiations and representations were merged in the written order or memorandum of sale.

Upon this action Baim assigns cross-errors, and besides he insists that there was sufficient evidence before the jury to sustain its verdict upon the theory that the company represented itself as the manufacturer of the car, thus raising an implied warranty; and also that there was an express warranty that the car was in perfect order before he accepted and paid for it; and that the car was defective when delivered to him, and that such defect was the direct cause of the accident with its resulting injury and damages.

After a careful consideration of all the testimony, we have reached the conclusion that the controlling questions in the case are questions of fact for a jury. In the light of the expert testimony offered on behalf of plaintiff in error, and of such knowledge of mechanics as may be called common knowledge, it is possible that we might have reached a different conclusion than was reached by the jury,—but that is not the real test. Instead, it is our duty to not reverse a judgment and verdict upon questions of fact unless we find that such verdict is clearly against the preponderance of the evidence.

Upon theory and in the light of the expert testimony that such a thing would be impossible, it does seem hard to believe it possible, that the key or pin connecting and making rigid the steering wheel and the shaft controlling the front wheels could have been lacking during this period of several weeks and the machine have been used as this was used. But either the rebuttal testimony of Baim regarding the tests he made with the machine, without the key or pin being in, on the very day upon which he testified and on the day before, corroborated, as it was, by the testimony of Brown, must be ignored, or it must be conceded to be possible.

Witnesses for the company testified that it would be impossible to drive the car without the key,—but the jury had before it the testimony of Baim that on

the very day and the day before he *had* operated the car and had made many turns,—some very short and very difficult, without the key being in the machine, and this testimony, corroborated by an apparently disinterested witness, and, to some extent, by the exhibits offered in evidence, probably influenced the jury to give the verdict it did.

The jury and the judge below had the great advantage of seeing and hearing the witnesses,—of observing their intelligence, and their deportment upon the stand, —their apparent candor and frankness,—and we cannot say that the evidence so clearly predominates in favor of plaintiff in error that we are at liberty to set aside the judgment upon that ground.

Finding no reversible error the judgment will be affirmed.

*Judgment affirmed.*