(No. 30260.—

JACK SCHNEIDERMAN, Appellee, *vs.* INTERSTATE TRANSIT LINES, INC., Appellant.

*Opinion filed September 24, 1948—Rehearing denied Nov. 11, 1948.*

WILSON and SIMPSON, JJ., dissenting.

DRENNAN J. SLATER, and THOMAS F. HAMER, both of Chicago, for appellant.

JOSEPH D. RYAN, and LOUIS P. MILLER, both of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Jack Schneiderman, appellee, (hereinafter called plaintiff,) recovered a judgment in the superior court of Cook County against Interstate Transit Lines, Inc., appellant,

(hereinafter called defendant,) for $100,000 for personal injuries sustained by him on November 26, 1941, when the automobile which he was driving southward on Oak Park Avenue collided with defendant's bus eastbound on Madison Street at the intersection of these two streets in the village of Oak Park.

On appeal to the Appellate Court for the First District, the judgment was reversed without remanding. (326 Ill. App. 1.) We granted leave to appeal from the judgment of the Appellate Court, and remanded the case to the said Appellate Court, with certain directions. (394 Ill. 569.) The Appellate Court in its second opinion affirmed the judgment of the lower court, and we have allowed the petition of the defendant for leave to appeal from that judgment.

In the present appeal the only matter presented for consideration by the court is the alleged error in the giving of plaintiff's instructions 9 and 10. In order to properly understand and visualize the situation as it is now presented the former course of this litigation should be examined with care. In the first appeal to the Appellate Court practically every question that could be raised in a crossing accident case was assigned by appellant under ten different divisions of its brief. Among the points assigned as error was the giving of instructions 9 and 10. Appellee in that appeal defended the correctness of said instructions, and in its reply the defendant again suggested reasons why they constituted error. The principal ground upon which the Appellate Court in its first opinion reversed the case was because it held that the condition of the mind of the plaintiff was such that he became a disqualified witness, whose testimony should be entirely disregarded because of its incoherence and his inability to answer on cross-examination, due to the injured condition which had affected his mind. In its first opinion the Appellate Court also added the following: "We find no material error in the rulings on evidence or instructions," and then concluded by hold-

ing that "the trial court should have directed a verdict for defendant or have entered judgment for it notwithstanding the verdict."

On the first appeal to this court the principal matter considered in the opinion was the test for determining the competency of a witness in the trial court, and after an examination of the testimony it was held that Schneiderman should have been allowed to testify and the weight of his testimony left for the jury to consider. Having so held, we determined that the action of the Appellate Court in directing the superior court to find for the defendant was erroneous, and reversed the judgment of the Appellate Court and remanded the cause to that court with directions to consider any other question not previously considered, and to either affirm the judgment or reverse it and remand the cause for a new trial. Upon remandment to the Appellate Court, it reconsidered the facts in the case and, giving such weight to the testimony of Schneiderman as the evidence disclosed it was entitled to, affirmed the judgment of the superior court.

In its second opinion the Appellate Court again considered instructions 9 and 10, claimed to be erroneous, and again held that they were not subject to the criticism made, because of the giving of plaintiff's instruction No. 1, which defined all of the material issues in the case. We granted leave to appeal from the second opinion of the Appellate Court, and all that is discussed in the briefs in this court is whether or not error was committed by the giving of these two instructions in the case, which are as follows:

"9. One mode of impeaching a witness is by showing that the witness has made different and contradictory statements on a material point on former occasions. If it appears from the evidence in this case that any witness has been impeached in this manner, you have a right to take into consideration such impeachment in determining the value of the testimony of such witness or witnesses in con-

nection with all of the other facts and circumstances in evidence."

"10. If you believe from the evidence that any witness in this case has knowingly and wilfully sworn falsely on this trial to any matter material to the issues in this case, as elsewhere defined in these instructions, then you are at liberty to disregard the entire testimony of such witness, except in so far as it has been corroborated—if you find it has been corroborated—by other credible evidence or by facts and circumstances proved on the trial."

We think there is some question as to whether the instructions are open to consideration by this court. It must be borne in mind that the instructions were passed upon in the first opinion of the Appellate Court, and the cause was remanded to that court because of its error in holding the witness Schneiderman was incompetent, and to consider any question not previously considered. It is, of course, a familiar rule that a mandate of the Supreme Court to the Appellate Court creates a positive duty upon the Appellate Court to follow such mandate, and therefore to consider only questions not previously decided. (*People ex rel. Barrett* v. *Bardens,* 394 Ill. 511.) It is likewise a familiar rule "that when litigation is prosecuted to an appellate tribunal and questions of law are decided, all such questions relating to the same subject matter which were open to consideration and could have been presented are *res judicata,* whether they were presented or not. This is true whether the judgment was reversed and the cause remanded or the judgment affirmed." *City of Chicago* v. *Collin,* 316 Ill. 104; *Village of Oak Park* v. *Swigart,* 266 Ill. 60; *Comrs. of Lincoln Park* v. *Schmidt,* 379 Ill. 130.

It is claimed this rule does not apply since the adoption of the Civil Practice Act, as we have held that it is not necessary to assign cross error to preserve a point in favor of the appellee. (*Bullman* v. *Cooper,* 362 Ill. 469; *People* v. *Bradford,* 372 Ill. 63.) It will be observed, however,

that in these two last cases it was a direct appeal from one court to another, whereas in the instant case the Appellate Court in its first opinion passed upon the correctness of the instructions questioned, and in its second opinion passed upon them again in the light of later decisions. While we believe that the Appellate Court in its second opinion unnecessarily reconsidered the ninth and tenth instructions, because of that fact, alone, we will consider them in the light of the entire record, as pointed out above.

It is claimed that both of these instructions are erroneous because, in No. 9, on the impeachment of a witness, it refers to a material point, and in No. 10 to any point material to the issue, and as such issues are matters of law, they were improperly submitted to the jury. In support of this proposition a long series of cases is cited, the principal ones of which are: *People* v. *Seff,* 296 Ill. 120; *People* v. *Cramer,* 298 Ill. 509; *People* v. *McGrane,* 336 Ill. 404; *People* v. *Wells,* 380 Ill. 347; *People* v. *Flynn,* 378 Ill. 351; *People* v. *Berne,* 384 Ill. 334; *People* v. *Machul,* 387 Ill. 556; *People* v. *Arcabascio,* 395 Ill. 487; *People* v. *Clark,* 301 Ill. 428. It is to be observed that all of these are criminal cases, and in five of them the word "material" was used in an instruction regarding reasonable doubt, and in all of them, except one, there was no other instruction given defining the issues in the case. In the *Seff, Cramer, Flynn, McGrane* and *Clark cases* the question arose on an instruction concerning the reasonable doubt which the jury could entertain in order to acquit the prisoner, and told them that the doubt must be upon a material issue in the case.

In criminal cases the subject of reasonable doubt is one of substantive law, and therefore in these cases it was especially important and essential that the jury should know the questions upon which they were entitled to have a doubt, and the ones upon which, if they entertained a doubt, it would not affect the case. In other words, these

five cases involved questions of substantive law, and were not cautionary instructions.

In the *Wells, Berne, Machul* and *Arcabascio cases* the instructions complained of were quite similar to those involved in the present case, and in all of the cases where no other instruction was given, defining the issues, the cause was reversed; and in the *Machul case,* where the instruction defining the issues was given, the cause was affirmed. In the cases reversed we indicated that where such instruction was given and the issues were otherwise defined in the chain of instructions, the error, if any, was cured. *People* v. *Wells,* 380 Ill. 347; *People* v. *McGrane,* 336 Ill. 404; *People* v. *Berne,* 384 Ill. 334.

The first instruction given by the court on behalf of the plaintiff defined the issues raised by each count, and necessarily told the jury what the issues were upon the part of the plaintiff. The defendant also gave instructions bearing not only upon the credibility of witnesses, but also upon the issues in the case. Instruction No. 23 of the defendant told the jury that while it was the judge of the credibility of the witnesses, it had no right to disregard the testimony of an unimpeached witness sworn on behalf of the defendant because he was an employee, and it was its duty to receive the testimony of such witness in the light of all the evidence, the same as any other witness.

The defendant also gave instruction No. 24, in which the jury was told: "As to the various charges of negligence complained of against defendant in the first count of plaintiff's complaint, you are instructed that the plaintiff cannot recover against defendant unless the jury believe that the plaintiff has proved by a preponderance of the evidence each of the following propositions: (1) That the alleged injuries of which plaintiff complains were not brought about or proximately contributed to by any failure on his part to exercise ordinary care for his own safety at and just prior to the time of the accident in question.

(2) That the defendant was guilty of negligence in the manner charged in the complaint. (3) That such negligence, if any, was the proximate cause of the plaintiff's alleged injuries in question. As to said charges of negligence you are instructed that if you find from the evidence that the plaintiff has failed to prove by a preponderance of the evidence these propositions as stated, or that he had failed so to prove any one of them, he cannot recover against defendant because of such alleged negligence."

The defendant's instruction No. 25 told the jury the plaintiff could not recover if it appeared from the evidence that the sole proximate cause of the accident was the plaintiff's own act or conduct. And also, by defendant's instruction No. 27, the jury was told that if the plaintiff failed to exercise the care that was exercised by an ordinarily prudent person just before and at the time of the injury, he could not recover.

These instructions, in addition to plaintiff's instruction No. 1, placed before the jury every issue, and every fact material to the issues, necessary for a recovery by the plaintiff or a decision in favor of the defendant.

In addition to the foregoing the following interrogatory was propounded to the jury at the request of the defendant: "Did defendant, with a conscious indifference to surrounding circumstances or conditions, wilfully or wantonly drive or operate the said bus?" To which said special interrogatory the jury answered "yes."

It seems to us in view of the facts that plaintiff's instruction No. 1 properly gave all of the elements necessary for a recovery upon his part, as we have held in *Goldberg v. Capitol Freight Lines*, 382 Ill. 283, and that the defendant, by its instructions mentioned above, directed the jury's attention to the matters necessary for the plaintiff to prove in order to justify a recovery, as well as what action of plaintiff would defeat recovery, and that, in addition to

the foregoing, the jury made a specific answer to a special interrogatory, which in itself finds negligence upon the part of the defendant, little room is left to consider whether said instructions Nos. 9 and 10 were in proper form, or whether they constituted error against appellant.

It must be kept in mind that in the instant case the instructions were cautionary, and, directed as they were to the jury's right to measure and value the testimony of each witness, it would seem to bear more strongly upon the plaintiff than upon any witness of the defendant. Here was a man who was so badly injured that his talk was incoherent, his memory defective, his enunciation imperfect, and it would seem that if the jury gave any special weight to such instructions it would bear more heavily upon the plaintiff than it would upon any witness of the defendant. And, while we are discussing the subject of cautionary instructions, it must be considered that in a criminal case, where a defendant's life or liberty is at stake and he is usually placed in an unenviable position by reason of the fact he is a defendant charged with a crime, it is of more importance that care be given in the use of such instructions than it is in a civil case, where the instructions may be equally applied to all the witnesses.

The appellant has not pointed out any issue upon which the jury could possibly have found a verdict outside of the issues specified either in plaintiff's or defendant's instructions; nor has it pointed out how the jury could have made any mistake upon any fact material to the issues, in view of the manner in which the ground was covered by the instructions of both sides.

It is not open to us to weigh the facts in the case. The Appellate Court has twice held that the instructions were valid. We think they were good instructions because of the giving of instructions defining the issues that the jury was to decide. We are of the opinion that no reason

has been given, based upon testimony, to show that these particular instructions were injurious to the appellant.

We might close by commenting that the use of legal terms such as "preponderance," "presumptions," "competency," "proximately," and other terms, while commonly used, might not be any better understood, used in an instruction, than the term "material." While it is true that in certain cases there may be material issues of law not apparent to the jury, yet, in an ordinary crossing accident case, where the jury is fully instructed, we believe something more than a possibility of the jury misapprehending the scope of a cautionary instruction is necessary to reverse a case where the record is without error otherwise.

We are not receding from our position that the matters material to a lawsuit should be made known to a jury before such instructions are given, but we should also remember that jurors are presumed to have some intelligence, and we cannot go outside of the record to speculate upon what issues they might have had in mind when all of the issues considered by counsel on both sides of the case were presented to the jury and it was given an opportunity to measure the materiality of the issues, or what facts are material to the issues, by what is pointed out in other instructions in the case.

We are satisfied, in view of the record, that giving such instructions did not constitute error, and if the ingenuity of counsel cannot suggest some issue not embraced in those defined in the other instructions, and in the special interrogatory, how can this court assume the jury was misled into basing its verdict upon some matter outside the issues presented to it?

The judgment of the Appellate Court for the First District is accordingly affirmed.               *Judgment affirmed.*

WILSON and SIMPSON, JJ., dissenting.