**Lucille Borst and Mabel Wright, Plaintiffs-Appellees, v. Ray Langsdale, Defendant-Appellant, and Roy Spears, Codefendant-Separate Appellant.**

**Gen. No. 10,853.**

Second District.
December 1, 1955.
Released for publication December 19, 1955.

Bozeman, Moran & Klockau, of Moline, for defendant-appellant; Bernard J. Moran, and Hubbard B. Neighbour, and Robert A. Klockau, all of Moline, of counsel; Huber, Reidy & Katz, of Rock Island, for codefendant-separate appellant; Isador I. Katz, of Rock Island, of counsel.

Eagle & Eagle, of Rock Island, and John Cunningham, of Moline, for appellees.

JUSTICE EOVALDI delivered the opinion of the court.

Plaintiffs brought this action to recover damages for personal injuries which they received when the motor vehicle in which they were riding as guests was struck by two other vehicles, one driven by the defendant, Ray Langsdale, and the other driven by the defendant, Roy Spears.

The case was tried by a jury, which found both defendants guilty and awarded damages of $1,500 to Mabel Wright and $5,000 to Lucille Borst. The trial court denied motions for new trial filed by both defendants and entered judgments on the verdict.

The complaint alleged that plaintiffs were riding as guests in a motor vehicle being driven in a Northerly direction on Route 80 near Cordova. It charged that the defendant, Langsdale, was operating a car in a Southerly direction at said time at a speed greater than was reasonable and proper, contrary to Sec. 146, Ch. 95½, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 85.178]; that he failed to drive in the right half of the roadway, contrary to Sec. 151 [Jones Ill. Stats. Ann. 85.183] of said chapter; that he lost control of his car and collided with the vehicle in which plaintiffs were riding, thereby causing them to receive various personal injuries. The complaint further charged that defendant, Spears, was driving a vehicle in a Northerly direction and collided with the rear of the vehicle in which plaintiffs

90

were riding because said Spears was driving his vehicle while under the influence of intoxicating liquor, contrary to Sec. 144 [Jones Ill. Stats. Ann. 85.176] of said chapter.

Defendant Langsdale's theory is that the Trial Court should have granted his motion for new trial because the verdict was against the manifest weight of the evidence and because the Trial Court erred in allowing certain instructions offered in behalf of the plaintiffs and in behalf of codefendant Spears, and in refusing certain instructions offered by defendant Langsdale.

Defendant Spears theory is that the Trial Court should have granted his motion for a new trial because the verdict against him was against the manifest weight of the evidence, and that the direct and proximate cause in this case was the negligence of the codefendant Langsdale; that the Court erred in allowing certain instructions offered in behalf of said defendant Langsdale, to the prejudice of this defendant Spears.

It appears from the evidence that plaintiff Lucille Borst and her mother, Mabel Wright, the other plaintiff, were riding as guests in a Dodge automobile, being driven by Matthew Jacobson, which was the first of a line of cars traveling in a Northerly direction on Illinois State Route 80 near the Village of Cordova, in Rock Island County. The defendant, Langsdale, was operating a Buick automobile in a Southerly direction approaching the car in which the plaintiffs were riding. The defendant, Spears, was driving a Mercury automobile in a Northerly direction and had passed several of the cars following the Jacobson car and was approaching the Jacobson car from the rear at a high rate of speed. As the defendant Spears passed the car immediately behind the Jacobson car, the defendant Langsdale drove his car off on to the shoulder on the West side of the road. The car spun out of control, and in defendant Langsdale's own words, "whipped across the highway" into the path of the Jacobson car

91

where it collided with the Jacobson car in the North bound or plaintiffs' lane of traffic. The defendant Spears, at almost the same time, collided with the Jacobson car from the rear. The plaintiffs were injured in the resultant collision.

Defendant Langsdale testified that he had come around a curve before going into the straight stretch; that he was driving between 50 and 60 miles an hour "I imagine"; that after he came around the curve he saw a string of cars coming up the highway from the South, and that as he neared them he could see a car whipping out from this line of cars and it seemed to be coming up his side of the highway; that he didn't know what was going to happen and he took to the shoulder.

As to the defendant Spears, it is undisputed that he had been drinking in the Duck Inn tavern prior to the collision. Four disinterested witnesses testified that just before Spears crashed his vehicle into the rear of the vehicle in which plaintiffs were riding he was weaving in and out of traffic, going on and off the highway, at a speed fixed by some of the witnesses as being in excess of 80 miles per hour. After the accident, Spears was arrested for drunken driving; an intoximeter test showed that he was intoxicated; and he entered a plea of guilty to a charge of driving while under the influence of intoxicating liquor in the County Court of Rock Island County.

The evidence in this case clearly presented a question for the jury as to the negligence of both of these defendants. The jurors were not required to determine whether one defendant may or may not have been more at fault than the other. The jurors by their verdict found that both defendants were negligent and that both contributed to cause the collision. A court of review will not interfere with the verdict of a jury unless the jury's verdict is contrary to the manifest

92

weight of the evidence. Seeden v. Kolarik, 350 Ill. App. 238. In that case, the Court at pp. 243–244 said:

"The questions of negligence and contributory negligence are pre-eminently questions of fact for the jury to determine, and as the jury's verdict is supported by substantial evidence, even though there be substantial evidence to the contrary, the reviewing court is bound by the verdict of the jury. To hold otherwise the court would be invading the prerogative of the jury. (citing cases) The jury is in a better position to determine the credibility of the witnesses and the weight to be given their testimony than the reviewing court. They have an opportunity to observe the demeanor of the witnesses while testifying and their manner of testifying, and from this and the testimony, they determine where the truth lies."

The jury saw and heard the witnesses. Where disputed questions of fact are presented to a jury and the jury passes upon them, unless palpably erroneous, the finding of fact will not be disturbed by the reviewing court. Griggas v. Clauson, 6 Ill.App.2d 412; People v. Hanisch, 361 Ill. 465; Krug v. Armour & Co., 335 Ill. App. 222; Becherer v. Belleville-St. Louis Coach Co., 322 Ill. App. 37; Rembke v. Bieser, 289 Ill. App. 136; Leahy v. Morris, 289 Ill. App. 99. To be against the "manifest weight of the evidence" requires that an opposite conclusion be clearly evident. Griggas v. Clauson, supra at p. 419; Olin Industries, Inc. v. Wuellner, 1 Ill.App.2d 267; Schneiderman v. Interstate Transit Lines, Inc., 331 Ill. App. 143, 147.

We have examined the record and do not find that the verdict is manifestly against the weight of the testimony. Under these circumstances we have no right to set aside the jury's finding.

The only other points raised on this appeal deal with objections by defendant Langsdale to certain matters in the instructions. The Trial Judge was liter-

ally swamped by the tender of over sixty instructions in this case: the two plaintiffs having tendered fifteen, of which ten were given; the defendant Spears having tendered seventeen, of which sixteen were given; and counsel for Langsdale, who is now complaining about the instructions, tendered thirty instructions, of which seventeen were given.

 The defendant Langsdale contends that it was error for the court to give Instruction No. 4 for the plaintiffs, which reads as follows:

"You are instructed that at the time and place in question there was in full force and effect the following statute of the State of Illinois:

'Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway . . .'

And if you find, from the greater weight of the evidence, that Ray Langsdale did not drive his vehicle on the right half of the roadway and that such conduct, if any, was negligent and directly caused injury to Mabel Wright and Lucille Borst, then you should find Ray Langsdale guilty and award damages to Mabel Wright and Lucille Borst, provided that you also find that Mabel Wright and Lucille Borst used ordinary care for their safety at and prior to the collision in question."

We find no objection to the instruction as worded since it clearly sets out that the jury, in order to hold Langsdale guilty, was required to find not only that Langsdale failed to stay on his half of the highway but also that such conduct, if any, was negligent.

The Trial Court further removed any possibility of error in the giving of this instruction on behalf of the plaintiffs by also giving Instruction No. 31 at the request of the defendant Langsdale, which reads as follows:

94

■■

"If you find from the evidence that the defendant, Ray Langsdale, without fault on his part, was confronted with sudden danger or apparent sudden danger, you are instructed that the law does not require of him the same degree of judgment or presence of mind as under circumstances not involving such danger, if any you find. If you find such danger, the law is that he must exercise such judgment and care which a reasonable man would exercise under similar circumstances to those appearing in this case from the evidence herein. If you so find that he was, without fault on his part, confronted with sudden danger or apparrent sudden danger, and that in attempting to avoid such danger he lost control of his car, while exercising the care required by this instruction in the presence of such danger, so that his said car crossed over to the East half of the highway at the time of the collision in question, and if you further find that he was not guilty of any other negligence which was the proximate cause of the collision in question, then you should find the defendant Ray Langsdale not guilty."

This instruction clearly incorporates defendant Langsdale's theory of the case and clearly charges the jury with the necessity of finding that Langsdale was not only on the wrong side of the highway but also that he was negligent in getting on the wrong side of the highway before it would be warranted in returning a verdict of guilty as to said defendant.

■■ The defendant Langsdale further complains that the Trial Court gave an instruction on behalf of the defendant Spears which dealt with sudden emergency. In view of the fact that the court also gave the above Instruction No. 31 on behalf of the defendant Langsdale, we feel that he cannot be heard to complain. Ordinarily, a party cannot complain about the giving of instructions where the court, at his request, has

given the same kind of instructions. Pennsylvania Co. v. Roberts & Schaefer Co., 250 Ill. App. 330, at p. 339.

■ The defendant Langsdale also complains of plaintiffs' Instruction No. 5 which reads as follows:

"You are instructed that at the time and place in question there was in full force and effect the following statute of the State of Illinois:

'No person shall drive a vehicle . . . upon any public highway in this State at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person.' "

His contention is that the instruction is not by its terms made applicable to the facts, and as such is liable to confuse the jury. We feel that the evidence in the case presented a question for the jury as to whether said defendant's speed of 50 or 60 miles an hour, as he stated, was reasonable under the conditions shown in the record in this case where said defendant shortly after he came around the curve saw the line of traffic approaching from the south and saw defendant Spears passing cars in said line. Defendant Langsdale admitted that he lost control of his car and "whipped across the highway," and it is undisputed that the collision took place in plaintiffs' lane of traffic. The manner of said defendant Langsdale's driving was clearly a question of fact for the jury. Instructions are taken as a connected series, and the jury cannot single out one instruction and disregard others, but must take all of the instructions together, as the law; and the court so advised the jury in Instruction No. 17 given at the request of said defendant Langsdale.

It must be admitted that the number of instructions tendered by both defendants in this case serves not only to reduce the effectiveness of the instructions as

an aid to the jury but also to lessen the likelihood of a reviewing court reversing the decision of the jury because of alleged faulty instructions. In Schluraff v. Shore Line Motor Coach Co., 269 Ill. App. 569, wherein forty-eight instructions were tendered, the court said: "The character and number of these instructions also serves to lessen our critical faculty toward them." We call particular attention to the language of our court in Baker v. Thompson, 337 Ill. App. 327, at p. 330, wherein the defense tendered twenty-seven instructions:

"The abuses and evils underlying the practice of trial attorneys in tendering to a court a multitude of involved, confusing and argumentative instructions has been growing and certainly merits some observation by a reviewing court. It is common knowledge that most plaintiff attorneys tender very few instructions. They do so because of their fear of intervention of error. . . . The converse is true with a majority of those who are interested in the defense of personal injury cases. It is of little moment to them that an error in the trial procedure may occasion a new trial. Delays, however occasioned, are always one of the best defenses. Too often defense attorneys are prone to tender an excessive number of instructions, repeating the same proposition over and over, not with the honest design of informing the jury of the law, but with the thought of enforcing upon the minds of the jury the importance of their various defenses."

After a careful consideration of the evidence and of the record in this case, we find no reversible error, and the judgment is accordingly affirmed.

Affirmed.

DOVE, P. J., concurs.