Donald J. Watson and Louie O. Watson, Plaintiffs-Appellees, v. Lowes J. Taylor, Defendant-Appellant.

Gen. No. 69–37.

Third District.

March 10, 1970.

Harold H. Kuhfuss, of Pekin, for appellant.

Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellees.

STOUDER, P. J.

Plaintiffs Donald Watson and Louis Watson, automobile driver and passenger respectively, were injured when the automobile collided with one owned and operated by William Mammen. Plaintiffs brought this action against Lowes Taylor, a passenger in the Mammen

automobile, alleging that Mammen was the agent of Taylor and hence Mammen's negligence was imputed to Taylor. In a trial before the court sitting without a jury, the court found in favor of each plaintiff, assessing damages in the amounts of $747.63 and $200.

In this appeal defendant Taylor's sole assignment of error is that as a matter of law Mammen was not his agent and any judgment based thereon is erroneous.

The facts are undisputed. On February 19, 1968, defendant Taylor had requested that his wife pick him up after work. Being unable to do so she requested Mammen, defendant's brother-in-law, to do so. Mammen, in his own car, picked up Taylor after work and the collision occurred on the way to Taylor's home. This action was commenced against Taylor because Mammen was apparently uninsured. For the purposes of this appeal it is assumed that Mammen was negligent and the only question presented is whether such negligence is imputable to defendant Taylor.

█ █ As a general rule, an injured party must seek his redress from the person who caused the injury. A recognized exception to the general rule is applicable where the person causing the injury is an agent or servant in which event his misconduct may be imputed to the principal or master. Darner v. Colby, 375 Ill 558, 31 NE2d 950.

█ The parties are in general agreement concerning the aforementioned general rule and exception but disagree as to whether there is evidence from which Mammen can be deemed the agent of Taylor. In Bridgewater v. Wagoner, 28 Ill App2d 201, 170 NE2d 785, the plaintiff and two others formed a car pool in which each alternately drove to the place of business where they each worked. Plaintiff, a passenger, was injured when the automobile in which he was riding collided with one operated by defendant. Defendant claimed

195

that the plaintiff and the owner-operator of the car in which the plaintiff was a passenger were engaged in a joint enterprise or the owner-operator was the agent of the plaintiff passenger and therefore the negligence of the owner-operator should be imputed to the plaintiff passenger. The court concluded that as a matter of law there was no evidence from which such relationship could be inferred. The court stated, "The Illinois authorities lay down the rule that the driver's negligence should not be imputed to the passenger unless the driver and passenger are engaged in a joint or common business enterprise and the passenger has some control or some right to control the operation of the automobile, and the right of control is stressed by the authorities generally." We believe that the Bridgewater case is controlling in the instant case and that evidence is lacking from which it may be inferred that Mammen was Taylor's agent.

Indeed, the plaintiffs do not dispute the authority of the Bridgewater case but rather argue that another line of cases ought to be applied. They rely on Smoot v. Hollingsworth, 265 Ill App 447, Whipkey v. Ashbaugh, 267 Ill App 452, Gates v. Mader, 316 Ill 313, 147 NE 241 and Kovell v. North Roseland Motor Sales, 275 Ill App 566. We have no disagreement with such cases but they are not applicable to the facts at bar. In each of the foregoing cases a member of the family, i. e., wife or child, was held to be the agent of the father and owner of the motor vehicle involved and negligence of the member of the family was imputed to the father as principal. The basis of the relationship of principal and agent is intimately related to the family relationship and whether dependent upon the family purpose doctrine or not such cases do not appear to have any application when the family relationship is not involved.

196

For the foregoing reasons the judgments of the Circuit Court of Tazewell County are reversed.

Judgments reversed.

RYAN and ALLOY, JJ., concur.