Susan Levy Schomer, Plaintiff-Appellant, v. Marie L. Madigan, Defendant-Appellee.

Gen. No. 11,093.

Fourth District.

February 17, 1970.

Zimmerly & Johnson, of Champaign (William D. De Cardy, of counsel), for appellant.

Phillips, Phebus, Tummelson & Barth, of Urbana (Hurshal C. Tummelson, of counsel), for appellee.

SMITH, J.

Plaintiff recovered a judgment for $1,150 for personal injuries and prosecutes this appeal seeking a new trial on the issue of damages only. It is plaintiff's contention that the court's instruction relating to the use or nonuse of seat belts was in error and that a new trial should be granted on the question of damages only. There is no cross-appeal on the question of liability.

The instruction given reads as follows:

"The Court instructs the jury that in considering the extent of the plaintiff's injury or damages you may consider, together with all other facts in evidence, whether or not the plaintiff did or did not avail herself of the use of seat belts and the extent, if any, such fact had on the extent of her injury or damages."

The plaintiff was riding in the right-front seat of her friend's Renault when the accident with the defendant's automobile occurred. The Renault was equipped with seat belts. Its driver didn't know whether either hers or her passenger's seat belt was fastened. The plaintiff was unable to say whether the Renault was equipped with seat belts, but stated she had been told it was, or whether she did or did not have a seat belt fastened. Each side has chided the other about injecting the seat belt question into the case. As we see it, it makes no difference. The existence of the seat belts in the Renault was a fact established by the record. The issue here is not whether the presence or nonpresence of seat belts is an admissible fact, but rather whether or not the instruction relating to the seat belts should have been given under the facts in this case. We think not.

We eschew the temptation to engage in a philosophical discussion of seat belts as they relate to liability or duty.

Mount v. McClellan, 91 Ill App2d 1, 234 NE2d 329 has been cited to us. When the decision in that case is honed down to its precise point, it holds only that the evidence that the plaintiff's car was not equipped with seat belts was admissible in evidence and could be considered by the jury on the question of damages only and that it was error to grant a new trial on the theory that such evidence should not have been admitted. The court was there considering a plaintiff-owner-driver and his duty as to seat belts. We do not consider the case as either authoritative, controlling or persuasive on any issue involved in this case where we deal with a passenger-plaintiff against a third-party tort-feasor and where we consider only the propriety of an instruction on seat belts. Our discussion of that issue is not to be construed as an implication either that there is or that there is not a duty to use seat belts by the occupant of an automobile.

The observation by the court in Mount, however, that the existence or nonexistence of seat belts and the use or nonuse of seat belts has no relevancy in determining the cause of an accident is both concise and precise. Seat belts relate themselves only to the damaging consequences of an accident. They have not been designed to prevent a collision, but are designed to minimize or prevent injuries resulting when the body of the automobile occupant is suddenly accelerated or decelerated by the impact of the collision and comes into contact with the interior of the vehicle in which he is riding. We need to remember that the conduct of the user or nonuser of a seat belt is, basically, conduct at the time such person enters the automobile because it would be at that time or quite soon thereafter when the seat belt would be fastened. It's too late when impending danger appears. In the instant case the record is completely silent as to whether the plaintiff did nor did not wear

a seat belt. A jury verdict finding either way on this issue would be pure speculation based upon no evidence in this record. The given instruction invited the jury to operate in a vacuum.

■ If, as a matter of fact, the plaintiff was wearing a seat belt, it seems to us to be self-evident that this instruction was wholly improper because the failure to use a seat belt under such circumstances was a nonexistent factor on either the issue of liability or the issue of damages. The instruction, therefore, could only be tendered and given on the assumption that the plaintiff did not wear the seat belt. Thus, as given, there was, in effect, an implication by the trial court that the seat belt was not used and a direction that the failure to use it could be considered by the jury to reduce the verdict to the extent that the injuries might be said to have been occasioned by the failure to use the seat belt. The jury was invited to make a determination without any evidence upon which to base that determination. They were also invited to apportion the damages without any medical evidence one way or the other on the issue of her injuries or damages properly apportionable. Apportionment is improper where there is no reasonable means of apportionment or no standard by which apportionment can be made as shown by the evidence. Maddux v. Donaldson, 362 Mich 425, 108 NW2d 33, 100 ALR2d 1; Osinski v. Benson, 323 Ill App 562, 56 NE2d 665; Borst v. Langsdale, 8 Ill App2d 88, 130 NE2d 520. That rule de-fuses the instruction here given.

■■ Its giving, however, cannot be said to have affected the question of liability because the subject matter of the instruction has no relationship to liability or its determination. On the issue of damages, if the plaintiff used the seat belt then the injuries shown by this record were in spite of the seat belt and the jury had no

110

reason to consider the question. If, on the other hand, it is the defendant's theory that the plaintiff did not use the seat belt and that such failure increased the injuries which she sustained, such theory is devoid of evidentiary foundation. ". . . [T]he lifeblood of a legal theory is facts and if there are no facts supporting the theory, it is error to instruct on that theory." Shore v. Turman, 63 Ill App2d 315, 321, 210 NE2d 232, 235.

The defendant further contends that the plaintiff can't complain of the instruction because she offered a mechanic as an expert on seat belts and over defendant's objection he was permitted to testify as to his weight, his height and as to the effect of the seat belt when the seat was forward and back. His testimony is not correlated to the height or the weight of the plaintiff nor to whether the seat was forward or back at the time of the accident. This evidence does not identify with any issue in this record. The testimony is devoid of probative value in this case and furnishes no basis for the instruction here given. The defendant's motion to strike such evidence should have been allowed and the instruction on seat belts refused.

█ We cannot say on this record that the instruction so given did not affect the jury's verdict on the damage issue and accordingly this case must be and it is hereby reversed and remanded for a new trial on the issue of damages only.

Reversed and remanded.

CRAVEN, P. J. and TRAPP, J., concur.