Donald A. Hocker, a Minor, Donna Lynn Hocker, a Minor, Harry W. Hocker, a Minor, by Vivian I. Hocker, Their Mother and Next Friend, and Vivian I. Hocker, Individually, Plaintiffs-Appellees, v. Max O'Klock, d/b/a White Mule and Rene Van Nevel, d/b/a Van's Club, Defendants-Appellants.

Gen. No. 11,097.

Second District, Second Division.

February 8, 1960.

Released for publication February 25, 1960.

Virgil Bozeman and Sam F. Skafidas, of Moline, Frank G. Schubert, of Rock Island, for appellants.

Eagle and Eagle, of Rock Island, and Robert H. White, of Geneseo, for appellees.

PRESIDING JUSTICE SOLFISBURG delivered the opinion of the court.

The prior opinion of this court (16 Ill.App.2d 414) and the opinion of the Supreme Court reversing our decision, Hocker v. O'Klock, 16 Ill.2d 414, set forth the facts of this case with sufficient detail so that they need not be repeated here. The action under the Dram Shop Act (Chapter 43, Section 135, Ill. Rev. Stats. 1953) was brought by Donald Hocker's dependents for loss of means of support. Upon the trial before a jury verdicts and judgments for the plaintiffs against the defendants aggregating $20,000 ensued.

On appeal, this court held that the identity of the deceased's assailant had not been proved by any evidence and reversed the judgment of the Circuit Court of Rock Island County. The Supreme Court of Illinois reversed the decision of this court. It held that

the evidence establishing the chain of circumstances constituted a reasonable basis for the jury's conclusion that the alleged intoxicated person killed Donald Hocker and that such conclusion was "more probable" under the relevant and uncontroverted facts and circumstances.

The cause was remanded to this court with directions to consider other errors assigned.

The defendants briefed and argued several points in urging reversal. Those points concerned with alleged errors in the giving and refusing of instructions and the alleged erroneous admission of opinion testimony of the coroner of Rock Island County as to the time of Hocker's death were all decided adversely to defendants in our prior opinion. We note that the Supreme Court concurred in our decisions upon these points.

The remaining assignment of error by defendants is that the verdicts against them are contrary to the manifest weight of the evidence. The principles governing the analysis of the evidence have been often repeated and are well established. The verdict must be clearly against the preponderance of the evidence, and it is the duty of the Appellate Court not to reverse a verdict on disputed questions of fact, Baim v. Cadillac Automobile Co. of Illinois, 169 Ill. App. 540. When the opposite conclusion to that reached by the jury is not clearly evident, the jury's verdict should not be disturbed, Bogovich v. Schermer, 16 Ill.App.2d 197, and some courts have even stated that the necessity of an opposite conclusion must appear from the evidence, DeLong v. Whitehead, 11 Ill.App.2d 330. The question of fact raised by the proof need only be a fair one, Krug v. Armour & Co., 335 Ill. App. 222, or as summarized in one decision, the word "manifest" means "clearly evident, clear, plain, indisputable," Schneiderman v. Interstate Transit Lines, 331 Ill. App. 143, affirmed 401 Ill. 172.

In the light of these principles and the factual questions raised by the direct and circumstantial evidence before the jury, we cannot hold that the verdict of the jury was against the manifest weight of the evidence. Accordingly, the judgments of the Circuit Court of Rock Island County are affirmed.

Affirmed.

CROW and WRIGHT, JJ., concur.