MARY G. REUTER, Plaintiff, v. KENMORE BUILDING CO., INC., Defendant.

City Court of New York, New York County, April 23, 1934.

*Matt Goldstein*, for the plaintiff.

*Thomas A. Saulsbury* [*Al. J. D'Auria* of counsel], for the defendant.

RYAN, J. The above-entitled action was tried by the court without a jury. At the conclusion of plaintiff's case defendant rested without offering any testimony. Under those circumstances the testimony of the plaintiff stands uncontradicted and shows that on October 13, 1930, she was a saleslady and visited the premises, a house coming within the provisions of the Multiple Dwelling Law, for the first time after sunset on the day in question for the purpose of selling an article of kitchenware. The plaintiff, a woman of middle age, had visited a tenant on the first floor and then proceeded to the fourth floor in the darkness and called on a tenant there residing, for the purpose above indicated. She testified that as she started to return down said stairway there was some light from the open door of said apartment and she had taken two or three steps when the door was closed, shutting off all light, and she did not know where to turn and next found herself at the foot of the stairway, having sustained severe injuries.

The Multiple Dwelling Law required the defendant to maintain a light between sunset and sunrise in the hallways of the buildings.

There is no claim made of any defective condition in the stairway. Her testimony and bill of particulars attribute the accident solely to the absence of lights at the place in question.

Plaintiff is entitled to the most favorable inferences that can be reasonably drawn from the testimony, including every fair deduction from the undisputed facts. The plaintiff was at best a bare licensee and towards that class of persons the rule is well settled that the only duty owing by the owner is to abstain from inflicting intentional, wanton or willful injuries. When darkness closed in on the plaintiff by reason of the apartment door closing, it became incumbent on her to exercise a greater degree of care for her own safety. Danger lurks in groping one's way in a strange place in the absence of any light. No special circumstances are shown to justify her in proceeding further when " she did not know where to turn " in a place unfamiliar to her. She elected to continue her descent of the stairways and found herself at the foot of the stairs.

I am constrained to find the plaintiff guilty of negligence which contributed to her unfortunate accident. The defendant was under a statutory duty to maintain a light in the hall (Multiple Dwellings Law, § 40), but notwithstanding defendant's breach thereof, the fact that plaintiff's negligence combined with that of the defendant resulted in the injuries complained of, the verdict must be directed in favor of the defendant. (*Rosado* v. *Perch Realty Corporation*, 239 App. Div. 373.)