Elmer Poulson, Plaintiff-Appellant, v. Lewis Poulson, Defendant-Appellee.

Gen. No. 9,909.

Opinion filed January 28, 1954.
Released for publication February 15, 1954.

DAVID ALLISON, and BOOKWALTER, CARTER, GUNN & HICKMAN, all of Danville, for appellant.

JONES, SEBAT & SWANSON, of Danville, for appellee; JOHN E. SEBAT, and ROBERT J. BANKS, JR., both of Danville, of counsel.

MR. JUSTICE WHEAT delivered the opinion of the court.

In this action for personal injuries a jury returned a verdict in favor of the plaintiff-appellant Elmer Poulson, against the defendant-appellee Lewis Poulson, in the sum of $5,000. The appeal is from an order allowing a motion for judgment notwithstanding the verdict in favor of the defendant. No motion for a new trial was made.

The unquestioned rule is that a motion for judgment notwithstanding the verdict presents only questions of law as to whether, when all the evidence is considered, together with all reasonable inferences to be drawn therefrom, in its aspect most favorable to the plaintiff, there is evidence tending to prove any cause of action stated in the complaint. If there is, the motion should be denied and the weight and credit to be attached to all the facts and circumstances shown in evidence are questions for the jury (*Todd v. S. S. Kresge Co.*, 384 Ill. 524). It therefore becomes necessary to review the evidence to make such determination.

The complaint in substance charged that defendant was the owner and operator of a truck and requested plaintiff to go with him for the purpose of loading a tractor and plow upon the truck; that for the purpose

202

of loading, the truck was backed into a ditch about three feet deep so that the bottom of the bed of the truck rested on the opposite bank of the ditch; that the plaintiff, with the knowledge and consent of the defendant, assisted in moving the tractor for loading upon the truck and that after the same had been backed into the truck from the bank of the ditch the plaintiff, to prevent the tractor from moving, went thereon to place a plank in front of the tractor wheels, at which time the defendant suddenly started the truck, whereby the plaintiff, who was in the exercise of due care and caution, was thrown backwards out of the truck and slipped between the edge of the ditch and the end of the truck, thereby crushing his leg.

Defendant, son of plaintiff, has been operating a garage which was frequented by his father, on at least five days a week, and others, who designated the same as a "loafing place." On this occasion defendant planned to load a plow and a used tractor onto his truck and to that end furnished an assistant. Plaintiff, the father, desired to visit with one Sylvester who lived on the farm where the used tractor was located. The three in the truck arrived at the farm in question and to facilitate loading, backed into a ditch about three feet deep so that the end gate of the truck was in the proximity of the opposite bank. A plank, 2x8, was placed between the end gate and the opposite bank and the defendant, with his assistant, proceeded to load the plow with its accessories. The plaintiff started the motor on the tractor but because of the January weather hesitated to put the same in gear. Thereafter defendant and his assistant moved the tractor toward the truck and backed the same thereon, at a time when plaintiff was visiting with a neighbor. Defendant's assistant sat upon the tractor and placed his foot upon the brake thereon. Defendant entered the cab of the truck and had no knowledge that plaintiff was doing

anything other than visiting with the said neighbor. Thereafter plaintiff stepped upon the body of the truck, placed the plank under the front wheels of the tractor to prevent its rolling off, about which time defendant started the motor of the truck, put the same in gear and endeavored to get out of the ditch, partially succeeding. Plaintiff was thrown out of the truck between the end gate thereof and the bank of the ditch. The motor of the truck stalled, it backed again into the ditch, pinning the leg of the plaintiff between the end gate and the bank of the ditch.

██ As to the relationship between father and son, insofar as it relates to being together in the truck, it is clear that the plaintiff at the most was merely a guest and not a passenger for hire. As such guest, defendant would only be liable for willful and wanton misconduct and the evidence in this case clearly shows no such misconduct. If it be said that the injuries arose other than because plaintiff had been an occupant of the truck, that is, that he was injured by the negligence of defendant while assisting in the loading of the tractor, then the evidence shows that plaintiff was a mere volunteer. His sole purpose in making the journey was to visit with his friend Sylvester and his only participation in the tractor transaction consisted of starting the motor and later, while engaged in conversation with a friend, in placing the plank in front of the tractor wheels. Under the ruling in the case of *Trainor v. McCann*, 344 Ill. App. 262, it must be held that plaintiff failed to prove that he was in the exercise of due care for his own safety, and also that there is no showing of any negligence on the part of the defendant that was the proximate cause of plaintiff's injuries. However, as a volunteer, the plaintiff was required to prove not merely negligence but willful and wanton misconduct. It is stated in *Belt Ry. Co. of Chicago v. Charters*, 123 Ill. App. 322, as follows: "If the plaintiff was a volun-

teer, this suit must fail, for the defendant owed him no duty other than not to injure him wantonly or wilfully. . . . When a volunteer assists the servant of another, he does so at his own risk. *Ill. Cent. Ry. Co. v. Godfrey,* 71 Ill. 500; *Ill. Cent. Ry. Co. v. Eicher,* 202 Ill. 556; *Flower v. Penn. Ry. Co.,* 69 Pa. St. 210; *Atlanta, etc., Ry. Co. v. West,* 121 Ga. 641. The only exception to this general rule is where the alleged volunteer has an interest in the work being done, in which event he is entitled while engaged in the work to be protected from the carelessness of the servants of the master. *Cleveland, etc., Ry. Co. v. Marsh,* 63 Ohio St. 236; *Welch v. Maine Central Ry. Co.,* 86 Me. 552."

██ A trial Judge, after an analysis of the evidence in the case, would be derelict in his duty in not directing a verdict under like circumstances, and inasmuch as the same rules are applicable to a motion for judgment notwithstanding the verdict, as in the case of a motion directing a verdict, it cannot be said that the trial court was in error in entering a judgment notwithstanding the verdict in favor of the defendant. An analysis of all of the evidence, with all reasonable inferences which might be drawn therefrom, viewed in the light most favorable to plaintiff, fails to disclose any evidence as a matter of law which would support a verdict in his favor.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*