Alexander Bogovich, Plaintiff-Appellee, v. Stanley Schermer, Leo Schermer and Avery Schermer, Doing Business as Schermer Brothers, a Partnership, Defendants-Appellants.

Term No. 57–O–11.

Fourth District.

February 7, 1958.

Rehearing denied February 28, 1958.

Released for publication February 28, 1958.

Walker & Williams, of East St. Louis, for defendants-appellants.

Moran and Beatty of Granite City, for plaintiff-appellee.

JUDGE BARDENS delivered the opinion of the court.

Plaintiff sustained a broken leg when he slipped and fell while assisting in carrying a cash register from defendants' burning building in the early morning of March 8, 1956. He instituted this suit which resulted in verdict and judgment against the defendants. After denial of post trial motion this appeal followed. Defendants raise only two questions: One, that there was no evidence to sustain the verdict; and two, that the verdict is against the manifest weight of evidence.

Defendants are brothers and own and operate a grocery store on the southwest corner of Madison Avenue and 12th Street in the city of Madison, Illinois. In the corner of the intersection they had a garden shop which was rectangular in shape and the store proper was in the form of an "L" around this shop. Between the garden and store proper was a concrete walk about eight feet wide over which, except the east three feet, extended a canopy attached to the building. A narrow walk ran from 12th Street south through the garden. The main entrance and exit doors to the store were south of the garden shop and covered by the canopy.

Immediately west of the store was a brick building used as a cooler. West of this was a wooden shed extending to the alley on the west side of the premises. There was a vacant area and to the north was a round metal incinerator about five feet across and six feet high.

On the night in question defendants' employees had left the incinerator full of paper, and boxes, crates and other debris on the ground between the incinerator and shed. The temperature was between ten and fifteen

198

degrees above zero and a brisk wind blew out of the west or northwest.

Plaintiff operated a tavern on the northwest corner of Madison Avenue and 12th Street directly north of defendants' grocery store. He was at his tavern about 3:00 A. M. when a truck driver stopped and told him of the fire. He then saw fire in the incinerator shooting flames six or eight feet high in the air. His wife called the fire department. Plaintiff testified that papers, boxes, crates and litter between the incinerator and shed were also on fire. The fire department arrived and worked on putting out the fire but the heavy winds prevented their effectiveness and the fire spread eventually to all defendants' buildings. Much water was used and in the wind it was caused to spray and formed into ice.

Defendant Leo Schermer had been to his store that night about 11:00 P. M. on his way home from the theater and at that time there was no fire in the incinerator. Police Sergeant Pazia passed the store about 2:00 A. M. and saw fire in the incinerator.

Defendant Avery Schermer arrived at the fire about 4:00 A. M. At that time the fire was in the back of the building. He called his bookkeeper who came to the scene and they both carried the records out to her auto. During this period he slipped and fell on the ice on the sidewalk along Madison Avenue. About 4:30 A. M. he went to plaintiff's tavern, across the street, to seek help in getting the cash registers out of the defendants' building. This defendant testified that he entered the tavern and said, "Is there anybody here that can help me take the cash registers out?" Plaintiff testified this defendant said, "Al, would you and some of your fellows help me carry out some cash registers?" Plaintiff put on his coat and he and the witness Reishe went to defendants' store with Avery Schermer. They walked

199

through water under the canopy through the door to the registers. Avery unplugged one register and Reishe and plaintiff carried it out and walked toward Madison Avenue, still walking in water. When they reached a point about at the Madison edge of the canopy plaintiff slipped and fell, breaking his leg.

There is considerable conflict in the evidence about the extent of ice in the general area and depth of water and whether or not there was ice under the water under the canopy.

Plaintiff's complaint charged negligence in the setting fire to the buildings and also negligence in failing to warn plaintiff of the dangerous condition of ice under water under the canopy which defendant either knew of or should have known about.

Defendants contend they were not guilty of negligence and that if they were negligent in conditions resulting in fire such would not be the proximate cause.

██ Possessors of property owe a duty to invitees to use reasonable care for their safety and to discover any dangerous condition and warn such invitees of such danger if it is not known to them or readily apparent. (Blue v. St. Clair Country Club, 7 Ill.2d 359, 131 N.E.2d 31; Geraghty v. Burr Oak Lanes, 5 Ill.2d 153, 125 N.E.2d 47, 65 C. J. S., p. 526, 38 Am. Juris., pp. 754–5.) Since plaintiff was helping defendants save their own property at their own request and under somewhat dangerous circumstances, this doctrine is especially applicable.

██ There is sufficient evidence in this case to support a finding by a jury that there existed some ice under the water in the area where plaintiff fell and that defendants in the exercise of ordinary care should have discovered this condition and either warned plaintiff of it or have taken some precautions to guard plaintiff against it. We therefore cannot say that there is no evidence, taken with reasonable inferences in

plaintiff's favor, to support the verdict. (Robinson, Administrator v. Workman, 9 Ill.2d 420; Lindroth v. Walgreen Co., 407 Ill. 121, 94 N.E.2d 847.)

■ On the question of manifest weight of evidence we observe that most of the testimony was not conflicting. What conflicts there were pertained to the extent of ice and water in the area in question and whether or not there was ice formed under the water where plaintiff was walking. On this latter question there was credible evidence in plaintiff's favor and the decision of the jury should not be disturbed as an opposite conclusion is not clearly evident. (Olin Industries, Inc. v. Wuellner, 1 Ill.App.2d 267, 117 N.E.2d 565; Peterie v. Thompson, 10 Ill.App.2d 100.)

Judgment affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.