Jerry Murad, Plaintiff-Appellant, v. Ray Witek, De-
fendant-Appellee.

Gen. No. 49,139.

First District, Third Division.

April 23, 1964.

Blowitz & Ozmon, of Chicago (Nat P. Ozmon and
Charles R. Winkler, of counsel), for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, all of
Chicago (Frederick W. Temple and Francis B. Libbe,
of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of
the court.

The plaintiff brought this suit for personal injuries
sustained when his automobile collided with the rear
of the defendant's automobile. At the close of the
plaintiff's case the court directed a verdict for the
defendant. The only issue on appeal is whether the
plaintiff was contributorily negligent as a matter of
law.

The plaintiff, who was the only witness in the case,
testified that he was driving west on Diversey Avenue

in the City of Chicago about 3:00 a. m. on the morning of December 24, 1955. He was traveling in the left lane nearest the center line at approximately 25 miles per hour. The weather was misty, the visibility was poor and the pavement was wet. The plaintiff had the windshield wipers in operation and could see about 30 to 35 feet ahead of him with his headlights on low beam. He had the headlights on low beam because, in his experience, it made for better visibility when driving in mist and fog. There was no traffic in the area and no cars were parked on the sides of the street in the block east of the intersection of Diversey and Austin Boulevard, which he was approaching. When the plaintiff reached the middle of the block he noticed that the stoplight at the intersection was red, and he took his foot off the accelerator. Suddenly, he saw the defendant's automobile about 30 to 40 feet ahead of him in the same lane in which he was driving. It was a dark grey car, parked with its lights off, about 50 or 60 feet east of Austin Boulevard. He swerved to the right to avoid an accident, but his front left fender struck the right rear fender of the defendant's automobile.

The defendant cites several cases wherein it was held that plaintiffs were contributorily negligent as a matter of law because their automobiles ran into the rear of other cars. An examination of these cases and the cases to the contrary cited by the plaintiff leads to the conclusion that each case must be decided on its own set of facts. In Moyer v. Vaughan's Seed Store, 242 Ill App 308, a rear-end collision case, somewhat similar to this, the court held that the plaintiff's contributory negligence was a question of fact, but it stated that there may be circumstances in which the failure to stop within the distance that objects can be seen ahead would constitute negligence as a matter of law. The court said:

"The test in such cases is, would all reasonable minds reach the conclusion that the conduct of the driver of the automobile was violative of rational standards of conduct applicable to persons in similar situations?"

In Wojtowicz v. Sarno, 45 Ill App2d 223, 195 NE2d 218, this court said:

"The test to be applied to a defendant's motion for a directed verdict is whether there is any evidence or reasonable inference arising from the evidence, tending to prove the cause of action alleged in the complaint. On such a motion, in a jury trial, the court does not weigh the evidence or the inferences to be drawn from the evidence. These are questions for the jury and not for the court to consider. The court must decide if the plaintiff's evidence fails as a matter of law to establish the claim. It becomes a question of law only where the evidence is such that all reasonable men would reach the same conclusion or where there is a total failure to prove one or more of the elements necessary to the cause of action. If it appears that all reasonable men might not agree in their conclusions, a jury question is presented. Home Indemnity Co. v. Reynolds & Co., 38 Ill App2d 358, 187 NE2d 274; Lutz v. Chicago Transit Authority, 36 Ill App2d 79, 183 NE2d 579."

Looking at the evidence in this light it cannot be said that the plaintiff was negligent as a matter of law. The condition of the weather, the color and location of the defendant's car and the fact that it was without lights and unattended could lead reasonable men to the conclusion that only the defendant was responsible for the accident. We are of the opinion that it was for the jury to decide whether the defend-

ant was entirely at fault or whether the plaintiff was contributorily negligent because he did not have sufficient control of his car to enable him to bring it to a halt within the distance illuminated by its headlights.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

SCHWARTZ, P. J. and SULLIVAN, J., concur.