346 F.2d 368
 Fern E. COREY, Administratrix of the Estate of Ellsworth C. Corey, Deceased, Plaintiff-Appellant,
v.
Robert J. HIBERLY, a/k/a Robert Holderly, and Speedway Transports, Inc., a Corporation, Defendants-Appellees.
 No. 14991.
 United States Court of Appeals Seventh Circuit.
 May 19, 1965.
 
 Nick D. Vasileff, Madison, Ill., for appellant.
 James L. Reed, Edwardsville, Ill., for appellees.
 Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 This suit was brought by the widow of Ellsworth C. Corey as the administratrix of his estate, to recover for his alleged wrongful death. The complaint which is in twelve counts, charges the defendants with negligent and wanton acts which caused a transport truck to ignite and catch fire. Defendant Speedway Transports, Inc. was the owner and defendant Hiberly was the driver of the transport truck. This truck consisted of two parts, a tractor and a trailer customarily used to transport automobiles.
 
 
 2
 Summary judgment for the defendants was granted by the District Court on the basis of affidavits, depositions and answers to interrogatories. Plaintiff did not submit any affidavits. The facts in the case are not in dispute. The question is whether the widow of a fire fighter who died of a coronary occlusion while in the act of preparing to fight a fire negligently started, and who suffered no physical injuries, may recover damages from the persons whose acts or omissions caused the fire.
 
 
 3
 On July 5, 1961, defendant driver parked the empty transport truck on Barclay Street in Mitchell, Illinois. The driver left the vehicle and went into the nearby trailer home of a friend, Sonya Haist, who had two sons aged twelve and five. These boys with a twelve-year old playmate, Roger Crites, proceeded to play on or near the transport truck.
 
 
 4
 Gasoline leaked from the gas tank on the right side of the tractor. A fire resulted either from a match dropped by one of the boys or by a fire cracker that was exploded in the weeds by one of the boys. When notified that the truck was on fire, the mother of the boys called the fire department.
 
 
 5
 Decedent Corey was fifty-one years old. He worked as a car inspector for a railroad. At his job, he worked eight hours a day, five days a week. In addition, he did some carpenter work. He was a strong and vigorous man. He had had no illness for four or five years prior to his death. He had never manifested any heart abnormality at any time in his life.
 
 
 6
 Mitchell, Illinois owns a fire truck but has no paid fire department. Decedent had been a member of the volunteer fire department for six or seven years before his death. On the afternoon of the truck fire, and after the fire alarm bell rang, decedent drove his automobile to the fire department building where the fire truck was located. He there got into the driver's seat of the fire truck and drove to Barclay Street. He parked the fire truck about one hundred feet from the burning transport truck, on the opposite side of the street.
 
 
 7
 There were no fire hydrants in the vicinity of the fire but the fire truck carried a tank of water and a hose reel with hose. When the fire truck stopped, fireman Vernon Gan ran to the hose reel and started stripping off the hose. Fireman Art LaRosa held the nozzle end of the hose. Decedent got out of the driver's seat, walked to the right side of the truck and turned a lever which started the water pump. Decedent then climbed to the top of the fire truck and when he reached that point, he collapsed and became unconscious. He was pronounced dead at a hospital. It is without dispute that decedent's death was due to a coronary occlusion. Decedent was neither burned by the fire nor was any part of his clothing burned. He gave no appearance, upon reaching the area of the fire, of fright, excitement or emotional distress.
 
 
 8
 To support her claim, plaintiff has cited Illinois cases holding that a fire fighter can recover for injuries suffered in fighting a negligently started fire. Bandosz v. Daigger & Co., 255 Ill.App. 494, 501-502; Dini v. Daiditch, 20 Ill.2d 406, 170 N.E.2d 881, 86 A.L.R.2d 1184; Okai v. United Roofing & Siding Co., 24 Ill.App. 2d 234, 164 N.E.2d 237.
 
 
 9
 We think the cases cited are not controlling in the situation before us. In all of them, there was a direct physical contact and injury to the body of the plaintiff or the decedent.
 
 
 10
 In Dini, supra, the Court held that a landowner is liable for failure to exercise reasonable care in maintenance of his property, resulting in injury to firemen rightfully on the premises. However, in Dini, supra, and Bandosz, supra, there was no question of proximate cause.
 
 
 11
 A brief review of several Illinois cases which we deem pertinent will disclose the appropriate Illinois rule.
 
 
 12
 In Neering v. Illinois Central Railroad Company, 383 Ill. 366, 380, 50 N.E.2d 497, 503, the Court said: "What constitutes proximate cause has been defined in numerous decisions * * *. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act."
 
 
 13
 In Berg v. New York Central Railroad Company, 391 Ill. 52, 64, 62 N.E.2d 676, 682, the Court said: "It must also appear that it was an injury which the wrongdoer, in the exercise of reasonable care, should have foreseen."
 
 
 14
 In Altepeter v. Virgil State Bank, 345 Ill.App. 585, 104 N.E.2d 334, the court pointed out that a defendant was not required to take precautionary measures to avert accidents or injuries, resulting from unusual and unexpected occurrences which could not have been reasonably anticipated.
 
 
 15
 In Braun v. Cravens, 175 Ill. 401, 51 N. E. 657, 664, the Court said "Terror or fright, even if it results in a nervous shock which constitutes a physical injury, does not create a liability. On the ground of public policy alone, having reference to the dangerous use to be made of such cause of action, we hold that a liability cannot exist consequent on mere fright or terror which superinduces nervous shock."
 
 
 16
 The rule of the Braun case was followed in Elgin A. & S. Traction Co. v. Wilson, 217 Ill. 47, 55, 75 N.E. 436, 439, where the Court stated: "The doctrine seems to be that liability cannot exist if predicated upon fright or terror, unaccompanied by contemporaneous physical injury."
 
 
 17
 In McCullough v. Orcutt, 14 Ill.App.2d 503, 145 N.E.2d 109, 114, recovery was denied to a wife who went into a nervous shock upon learning of injuries to her husband, and later had a miscarriage. The court held that the damage was too remote and not a proximate cause.
 
 
 18
 Plaintiff also relies upon the Rescue Doctrine, and in support thereof cites Wagner v. International R. R. Co., 232 N.Y. 176, 133 N.E. 437, 19 A.L.R. 1; Illinois Central R. R. Co. v. Siler, 229 Ill. 390, 82 N.E. 362; Bogovich v. Schermer, 16 Ill.App.2d 197, 147 N.E.2d 711.
 
 
 19
 The Rescue Doctrine or theory is, in substance, that one who negligently or wantonly imperils the life of "A" is also liable to a person injured while rescuing or attempting to rescue "A" from peril.
 
 
 20
 In the case before us, decedent was not attempting to rescue anyone. The relatively small fire at the side of the road was not threatening the life or safety of anyone, and this was especially true as to the decedent who was a hundred feet distant from the fire.
 
 
 21
 We think the trial court correctly applied Illinois law in entering summary judgment for the defendants.
 
 
 22
 Affirmed.