**Geneva Olson, Plaintiff-Appellee, v. Sara Weingard and Walter Dziarnowski, d/b/a Paddy's Lounge, Glen W. Herrcke, et al., Defendants-Appellants.**

Gen. No. 65–72.

Third District.

December 9, 1966.

Zwanzig, Thompson, Lanuti, Bower & Zwanzig, of Ottawa, for appellants.

Peter F. Ferracuti, of Ottawa, for appellee.

ALLOY, J.

This cause is on appeal from a judgment against defendant Walter Dziarnowski, d/b/a Paddy's Lounge, in the sum of $25,000 and costs in favor of plaintiff Geneva Olson. Other defendants in the cause were dismissed on motion.

The action was instituted to recover for injuries plaintiff suffered in a fall which occurred in the premises leased by defendant and operated as a tavern. There was a dance floor in the premises and the evidence disclosed that plaintiff sustained a fall apparently by reason of catching the left heel of her shoe in a raveled carpeting tacked along a metal strip which projected above and along the west edge of the dance floor. Plaintiff sustained severe injuries as a result of such fall.

On appeal in this court, defendant contends that the plaintiff, in the course of her testimony, made a judicial admission by stating she was on the dance floor at the time she fell and was not dancing on the rug and to that extent she has contradicted the allegations of negligence made in her amended complaint; that the dance floor was a wooden floor with a metal strip which held a carpeting at the border of the floor and that since there was no evidence that the wooden portion of the dance floor was not in good condition and safe for dancing that, therefore, plaintiff was not entitled to recover on a showing that she fell by reason of catching her foot on the metal strip or raveled rug at the edge of the floor. It is contended also that plaintiff presented no evidence showing the exercise of due care and caution for her own safety. It is further contended that the trial court erred in refusing to allow defendant to cross-examine plaintiff

as to the various grounds of negligence alleged in her pleadings and also that the court erred in the giving of certain instructions which placed before the jury as alleged grounds of negligence that defendant (1) failed to keep the dance floor in a condition suitable and safe for dancing; (2) negligently failed to inspect the dance floor for the purpose of determining that it was reasonably safe and suitable for dancing; and (3) negligently failed to properly and adequately light the dance floor so that plaintiff could detect the presence of any faulty condition of the floor.

The evidence disclosed that the defendant Walter Dziarnowski was operating the tavern known as Paddy's Lounge in the city of LaSalle. In the premises was a wooden dance floor and around the dance floor was a metal edging strip which held down the carpeting which surrounded the dance floor in the rest of the room. On April 7, 1962, plaintiff and her husband drove to LaSalle to go to the tavern. Music was provided for dancing at the lounge and plaintiff and her husband went out and danced on the dance floor. While plaintiff was dancing at the southwest corner of the dance floor (she stated) she caught her left heel on something and fell to the dance floor. She was wearing a walking heel type of shoe at the time of the accident. Evidence was introduced in the form of photographs showing the conditions which existed on the night of the incident which showed a metal strip along the west edge of the dance floor with a raveled carpet bordering the floor tacked by the metal strip. The raveled carpet projected above the metal strip and above the level of the dance floor along its west side. The defendant had personally laid the carpet and nailed the metal strip although he had never been in the business of laying carpet prior to this time. There was corroborating evidence that the carpet was frayed and jagged. There was also evidence that the lighting in the area was dim. Defendant had also testified that he

277

trimmed the carpeting; that it was worn; and he observed when he vacuumed it that it would pull up the thread. One of the waitresses working in the tavern also stated that the carpeting at the west edge of the dance floor was raveled and that whenever drinks were served on that side she had to be careful so that she did not trip on it. This was the area in which plaintiff fell. After plaintiff had fallen she was on the edge of the dance floor partially on the carpeting.

██ Defendant, on appeal in this court, emphasizes the fact that plaintiff maintained that she danced on the dance floor only and not on the surrounding area. It is apparent from the record and the photographs introduced in evidence, that at the edge of the dance floor was a jagged, worn and raveled carpet and that a person dancing on the dance floor could have caught her heel in this portion of the carpet particularly under dim lighting conditions which existed. This would not be inconsistent with the evidence as actually presented and her dancing upon the dance floor and at the edge of the dance floor, on the basis of the record, would not bar her from recovery. While it is true that a party may by his own testimony conclusively bar his claim or defense, the determination of whether he has done so depends on an evaluation of all of his testimony and not just part of it (McCormack v. Haan, 20 Ill2d 75, 169 NE2d 239). The testimony of a party must also be considered in the light of the testimony of all other witnesses and a consideration of their respective opportunities to observe the facts about which they testify.

 On the basis of the record, defendant apparently knew of the raveled condition of the carpeting at the edge of the dance floor and also of the dim lighting in the dance floor area. He had the obligation of using ordinary care in maintaining the dance floor and the area surrounding the dance floor in a reasonably safe condition for the benefit of plaintiff and other business

278

invitees (Ryan v. Harry's New York Cabaret, Inc., 293 Ill App 534, 12 NE2d 905; Olinger v. Great Atlantic & Pacific Tea Co., 21 Ill2d 469, 173 NE2d 443). From the record, it is apparent that the court properly concluded that plaintiff did not bar herself of her claim on the basis of her testimony that she danced on the dance floor and her further testimony as to catching her heel on something which caused her to fall.

It is also apparent from the record that the question of whether plaintiff was guilty of contributory negligence was a question of fact for the jury. Plaintiff testified that she was wearing shoes with walking heels and was dancing in an ordinary and proper manner. She had never been in defendant's premises prior to the time of the injury. The evidence showed that plaintiff had no prior knowledge of the condition and while dancing she felt her left heel catch on something at the edge of the floor as a result of which she fell. Under the record, the determination of whether or not plaintiff was guilty of contributory negligence was one for the jury to determine (Swenson v. City of Rockford, 9 Ill2d 122, 136 NE2d 777).

Defendant also contends that the trial court erred in refusing to permit the defendant to cross-examine plaintiff concerning the various allegations of negligence made in her amended complaint. The asserted purpose of defendant was to show the jury that plaintiff had at various times adopted several different theories of negligence, that is, that there was a crack or hole in the dance floor; a metal strip improperly maintained; metal strip with frayed rug; or that plaintiff stumbled. The trial court sustained plaintiff's objection to the efforts of defendant to cross-examine plaintiff on her pleadings. There was no offer of the pleadings in evidence. The alternative fact allegations, as is common in negligence cases, were made apparently in good faith and based upon a genuine doubt as to the cause of the injury. As

such, they would not be admissible as against the pleader as admissions. The plaintiff did not actually see what caused her to fall and allegations in the alternative as to the cause of the fall were justified. Alternative fact allegations made in good faith and based on genuine doubt are not admissions against interest so as to be admissible in evidence against the pleader (McCormick v. Kopmann, 23 Ill App2d 189, 161 NE2d 720). There was no reversible error in the ruling of the court on this subject.

The further contention of defendant was that the court, by permitting an instruction to be given on the issues, placed before the jury three alleged grounds of negligence, that is (1) failure to keep the dance floor in a safe condition; (2) failure to inspect the dance floor to determine that it was reasonably safe for dancing; and (3) failure to properly and adequately light the dance floor. The contention is vigorously made that such instruction was at complete variance with the allegations in the amended complaint and with plaintiff's obvious theory of negligence that the fall was caused by reason of the existence of the metal strip and the raveled rug referred to.

As we have indicated, the use of the dance floor area would include the bordering strip and raveled rug since a person dancing on the floor could catch a heel or part of a shoe on an improperly installed and maintained metal strip or rug or other obstruction. The record discloses that there was evidence supporting the charges of negligent maintenance of the dance floor, negligent inspection thereof, and negligent lighting which would preclude the detection of the condition at the edge of the dance floor which apparently caused the fall. We have examined such instruction in light of the evidence presented and find no reversible error therein.

On the basis of the record before us, we must conclude that the rulings of the trial court did not constitute

reversible error and should be affirmed. The judgment of the Circuit Court of LaSalle County will, therefore, be affirmed.

Affirmed.

CORYN, P. J. and STOUDER, J., concur.