William Augsburger, Plaintiff-Appellant, v. Lou Singer, Also Known as Louis Singer and Supreme Divers, Ltd., a Corporation of Ontario, Canada, Defendants-Appellees.

Gen. No. 68-60.

Second Judicial District.

November 27, 1968.

Paul B. Youle, of Chicago, for appellant.

Corrigan, Mackay, Quetsch and O'Reilly, of Wheaton, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, William Augsburger, sought to recover for damages which he alleged he suffered by reason of the defendants' failure to exercise reasonable care. At the time of the injury, he was helping the defendants dismantle their carnival display. At the close of the plaintiff's case, the defendants presented a motion for directed verdict, based upon the ground that the plaintiff was a volunteer, as opposed to an invitee, and that the defendants owed to him only the duty to refrain from wilfully and wantonly injuring him. The trial court agreed and, accordingly, directed a verdict for the defendants. The plaintiff appealed.

The sole issue before this court is whether the trial court was correct in directing a verdict for the defendants upon the ground that the plaintiff's status was that of a volunteer, and that the only duty which the defendants owed to the plaintiff was that of refraining from wilfully and wantonly injuring him.

The facts relevant to this issue are that the defendants owned and displayed a "Captured Russian Zis Car" in connection with the carnival operation. The car was mounted upon a trailer and the defendant, Singer, operated the display. On the date in question, the display was being closed to move to another town. It was about 9:30 p. m., when the plaintiff and his wife went to the carnival grounds to pick up their son, who was working on the merry-go-round. While the plaintiff was waiting for his son to finish his work, he saw the defendant, Singer, dismantling his display, and he asked him if he would like some help. Singer answered, "I sure would" adding, "I would be glad to pay you. The plaintiff stated that he answered, "No need to pay me. I'm not interested in pay. I have a job. I have to wait for my son." He testified that Singer then said, "I'll be glad to have you."

The parties agree that if the plaintiff was a "volunteer" as that term is used in the field of tort law, then the defendants are not liable for any injury received by the

plaintiff unless they were guilty of gross negligence, wilfulness, or wantonness. If, however, the plaintiff was an "invitee"—as that term is used with reference to negligence actions—then the defendants may be liable to the plaintiff if he has suffered injury by reason of the defendants' ordinary negligence.

■ The plaintiff contends that the fact that the conversation was initiated by him and that he sought no pay for his services, did not necessarily make him a volunteer, as opposed to an invitee. Broadly speaking, an invitee is one who enters upon the premises of another, either at the express or implied invitation of the latter, for a purpose connected with the latter's business or activity carried on upon the premises, or for some purpose serving a mutually beneficial interest. Chicago & Illinois Midland R. Co. v. Pillsbury Mills, Inc., 47 Ill App 2d 373, 377–380 incl., 198 NE2d 126 (1964); Drews v. Mason, 29 Ill App2d 269, 279, 172 NE2d 383 (1961); 65 CJS, Negligence, § 63 (41), pp 715–719; 28 ILP, Negligence, § 52, pp 39–43.

■ It is sometimes said that to obtain the status of an invitee upon entering the premises of another, there must be a mutuality of benefit or purpose; however, if one enters the premises of another for reasons directly related to the business or activities of the latter, the purpose of the entry is sufficient to render him an invitee.

Thus, in the Drews case, the court held that the jury properly determined that the plaintiff was an invitee in that she had gone to her daughter's (the defendant) house, to help the latter clean up and repair the house after it was damaged by fire. There was no offer or promise of payment to the plaintiff, and the only benefit which she could have received from going to the defendant's house would have been the satisfaction which she derived from assisting and helping her daughter. Likewise, there was no direct invitation or request to the

15

plaintiff to work at her daughter's house. The plaintiff had taken this obligation upon herself. The court held that the status of the plaintiff was properly a question of fact for the jury to determine.

In Bogovich v. Schermer, 16 Ill App2d 197, 147 NE2d 711 (1958), the defendants' building had caught fire and one of the defendants went across the street to seek help to remove the cash registers from the burning building. The plaintiff, who answered this request, which was without benefit to him, was injured, instituted suit against the defendants and therein obtained judgment against them. On review, the court held that the plaintiff was to be accorded the duty owed to an invitee, and affirmed the judgment of the trial court.

In Cain v. Friend, 171 Cal App2d 806, 341 P2d 753 (1959), the defendants, who had known the plaintiff, a carpenter, for some time, were building an addition to their home. They requested him to come and see them, which he did, and he volunteered to build part of the addition, without pay. The defendants accepted his gratuitous offer, and the plaintiff was injured while doing this work. The trial court granted a motion for a directed verdict for the defendants upon the ground that the plaintiff was a licensee and not an invitee. The reviewing court observed that whether one is an invitee or licensee is normally a question of fact; that it is the purpose for which one enters upon the premises of another that renders him either an invitee or a licensee; that if the purpose is one of common interest or mutual advantage, the person is an invitee; and that the status of a licensee is inferred where the purpose is the mere pleasure or benefit of the visitor. The court then pointed out, on pages 754 and 755, that where the services are for the benefit of the occupant of the premises, the fact that they were performed gratuitously does not negative the performer's status as an invitee; and that even where the

benefit to the occupant is intangible, the one rendering services may rely upon them to establish his status as an invitee.

The court concluded that there was evidence from which the jury could find that the plaintiff was either expressly or impliedly invited to visit the defendants' premises to perform services beneficial to them, and that he was injured while so doing. It held that the issue whether or not he was an invitee, should have been determined by the jury.

Likewise, in Murdock v. Petersen, 74 Nev 363, 332 P2d 649 (1958), the court held that where the plaintiff answered the request of another for assistance, the plaintiff would not be denied the status of an invitee merely because she was performing the services gratuitously. The court stated that the existence of a business relationship could no longer be held essential to the status of an invitee; and that it would be grossly unjust to place a plaintiff in an inferior position because she was willing, out of the goodness of her heart, to respond to the defendant's call for assistance and to render needed services for the defendant, without demanding compensation.

■ We conclude that there can be no basis in a case, such as the one at bar, for holding that the plaintiff's status as an invitee must depend in part upon whether he was to obtain an advantage or benefit from the purpose for which he entered the defendants' premises. So far as the purpose is concerned, it is sufficient if it was in furtherance of the defendants' business or activity on such premises.

■ The question, of whether or not the plaintiff was invited by the defendants to come upon the trailer and help in dismantling it, remains. If the plaintiff undertook to help the defendants without either invitation or contractual relationship, he was then a mere volunteer as

17

contended by the defendants. 65 CJS, Negligence, § 63 (148).

The issue of whether there was an invitation is not determined by which party undertakes the initiative. Whether or not the colloquy between the plaintiff and the defendant, Singer, to which we have earlier referred, was sufficient to constitute an invitation, express or implied, should have remained for the jury to determine. This colloquy, the factual situation under which it arose, and the intended benefit to the defendants, are all factors which the jury could have considered in making its determination. We feel that the plaintiff's status as an invitee or volunteer at this particular time was peculiarly a question of fact for the jury to determine. Drews v. Mason, supra, 278; Lambert v. Paul W. Senne Funeral Home, Inc., 343 Ill App 136, 137, 138, 98 NE2d 519 (1951).

The defendants cite the case of Poulson v. Poulson, 1 Ill App2d 201, 117 NE2d 310 (1954) as authority for the proposition that the plaintiff in the case at bar was a mere volunteer. In Poulson, the plaintiff was the defendant's father. The plaintiff, and others, apparently, used the defendant's garage as a loafing place. On the date in question, the defendant had planned to drive a truck to a certain farm to pick up a tractor and plow. The plaintiff learned where his defendant son was going and accompanied him in the truck because he wanted to discuss something with the farmer in question, and not for the purpose of rendering any assistance or service. The plaintiff talked with someone at the farm—apparently the farmer—while the defendant and his helper were loading the tractor on the truck. The plaintiff, unknown to the defendant, jumped on the truck to render some assistance in loading the tractor, and was injured. On page 204, the court pointed out that the plaintiff's sole purpose in going to the farm was to visit with his friend, the

farmer, and that his only participation in the transaction consisted in doing a few incidental things. It is also apparent that the plaintiff introduced himself into a somewhat hazardous situation without any request by the defendant and without his knowledge or consent. While the court held that the plaintiff was a mere volunteer, the case is readily distinguishable on its facts from the case at bar.

██ In the case at bar, we believe that the purpose for which the plaintiff entered upon the defendants' trailer was clearly sufficient to render him an invitee. However, the question of whether there was an invitation from the defendants sufficient for this purpose, was a factual question for the jury to determine; and it was improper to direct a verdict at the close of the plaintiff's case for the defendants. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 510, 229 NE2d 504 (1967).

██ The defendants suggest in this court that even if the plaintiff could be considered an invitee, the trial court was warranted in directing a verdict for the defendants in that the evidence showed that the plaintiff was guilty of contributory negligence as a matter of law and totally failed to show any negligence on the part of the defendants. We have reviewed the report of proceedings and we do not feel that this point need be belabored. Under the standards set forth in Pedrick, supra, there was sufficient evidence at the close of the plaintiff's case for a jury determination on the issues of contributory negligence of the plaintiff and ordinary negligence on the part of the defendants.

We note, in passing, that the defendants did not argue the total failure of such evidence when they sought the directed verdict in the trial court. Rather, they contended only that the evidence established the plaintiff's status as a volunteer, and it is clear that this was the basis of the trial court's determination.

19

For the foregoing reasons, the judgment will be reversed and the cause remanded to the trial court for a new trial.

Reversed and remanded.

MORAN and SEIDENFELD, JJ., concur.