**William Dobrin, a Minor, by Sidney Dobrin, His Father and Next Friend, Plaintiff-Appellee, v. Elmer C. Stebbins, Defendant-Appellant.**

**Gen. No. 53,188.**

First District, Fourth Division.

March 11, 1970.

Rehearing denied and supplemental opinion May 13, 1970.

387

Thomas P. Cernek, of Chicago, for appellant.

No brief for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

In a nonjury trial, plaintiff recovered a judgment against defendant for personal injuries he suffered when he was bitten by defendant's dog. Although plaintiff, who is the appellee in these proceedings has not filed a brief, we will review this appeal on the merits. Daley v. Jack's Tivoli Liquor Lounge, Inc., 118 Ill App2d 264, 254 NE2d 814.

The facts are not in dispute. On July 16, 1964, defendant was the owner of a toy German Shepherd. He chained it to a pipe so that the dog was confined within defendant's property at 6225 West 79th Street in the City of Chicago. Plaintiff, then 17 years of age, was selling magazines. There was no sign or posted notice on defendant's property warning salesmen or others to keep off. Plaintiff went to defendant's home. He walked up a dirt path that led from the sidewalk. When plaintiff was within five or ten feet of the door, defendant's dog jumped on plaintiff, bit him in the abdomen and on the

thigh. After getting away, plaintiff was taken to a nearby clinic where he received treatment for his injuries. Later in the day he visited his family doctor, who replaced the bandages and gave him a tetanus shot. Pain from the dog bites lasted three or four days. Plaintiff's doctor submitted a bill which was paid.

Plaintiff filed suit against defendant and invoked what is colloquially the "Dog Bite Statute," Ill Rev Stats 1963, c 8, § 12(d), which provides:

> Dogs attacking or injuring person—Liability of owner. If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term "owner" includes any person harboring or keeping a dog. The term "dog" includes both male and female of the canine species.

After hearing evidence, the trial judge awarded plaintiff damages in the sum of $750. Defendant appeals. He contends that plaintiff was a trespasser when he entered defendant's property; therefore, no judgment could be recovered under the statute. In the alternative, defendant contends that the damage award was excessive.

■ A trespasser is one who does an unlawful act or a lawful act in an unlawful manner to the injury of the person or property of another. 87 CJS, Trespass, § 1; see People v. Goduto, 21 Ill2d 605, 174 NE2d 385. By this definition, plaintiff was not a trespasser on defendant's land when he went there during the ordinary hours of the day to solicit magazine subscriptions.

■■ An owner of property who provides a path or walk from the public way to his door, without some

389

indication (sign, posting of notice or words) warning away those who seek lawful business with him extends a license to use the path or walk during the ordinary hours of the day. Persons who thus make use of the path or walk are licensees. Restatement, Second, Torts, § 332, Comment b; Stacy v. Shapiro, 212 App Div 723, 209 NYS 305 (1925); Reuter v. Kenmore Building Co., 153 Misc 646, 276 NYS 545 (1934). Our decision in Messa v. Sullivan, 61 Ill App2d 386, 209 NE2d 872 supports this view. Therefore, plaintiff was a licensee on defendant's land when he was bitten by defendant's dog. He was in a "[p]lace where he may lawfully be . . ." within the meaning of Ill Rev Stats 1963, c 8, § 12(d).

■ This being so, proof that plaintiff while peaceably conducting himself and without provocation, was injured by defendant's dog justified entry of judgment in favor of plaintiff and against defendant. Beckert v. Risberg, 50 Ill App2d 100, 199 NE2d 811; Bailey v. Bly, 87 Ill App2d 259, 231 NE2d 8.

■ The damages the trial judge awarded plaintiff were within the limits of fair and reasonable compensation. Johnson v. Eckberg, 94 Ill App 634; Sesterhenn v. Saxe, 88 Ill App2d 2, 232 NE2d 277. Judgment is affirmed.

Judgment affirmed.

STAMOS, P. J. and DRUCKER, J., concur.

## SUPPLEMENTAL OPINION

Defendant petitions for rehearing on the ground that when plaintiff came upon defendant's property, he saw the dog that bit him. Defendant argues that the best warning a property owner can give to those who may come upon his land is his dog chained, in plain view and standing guard. Defendant contends that presence of his dog in this way was constructive notice to the plaintiff

that he could enter defendant's property only at his peril.

 We agree that a dog chained to guard its owner's property where it can be seen, is notice that entry on the land is forbidden. However, the record in this case does not support defendant's contention. Both plaintiff and the defendant testified that there were bushes on either side of the front door to defendant's home. Plaintiff testified that he never saw defendant's dog before it bit him because it "must have come out of the bushes . . . ." In other words, defendant's dog was not where plaintiff could see it. The petition for rehearing is denied.

Petition for rehearing denied.