SYLVIA MADRAZO, Plaintiff-Appellant, *v.* BENJAMIN R. MICHAELS, *et al.,* Defendants-Appellees.

(No. 54405;

First District—September 10, 1971.

Kavathas, Castanes & Chakos and Benjamin Daidone, of Chicago, (John C. Castanes, of counsel,) for appellant.

Pretzel, Stouffer, Nolan & Rooney, of Chicago, (Joseph B. Lederleitner, of counsel,) for appellees.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

This was a suit to recover damages for personal injuries which plaintiff sustained when she fell on a stairway in defendants' home. The parties

agree concerning the facts which give rise to the issue in this appeal.

Defendants Benjamin and Paula Michaels are husband and wife, and at the time in question were parents of two children, three and six years old. Plaintiff is Paula's aunt. Early in 1962, she was a seamstress and lived in New Jersey. In March 1962, defendants planned to move from one house to another in Skokie, Illinois. In January or February, Paula wrote plaintiff, told her that Benjamin Michaels was going to be in New York on the day of the move and asked her to come and help with the moving and with care of the children. Plaintiff, without any promise by defendants or expectation that she would be paid or reimbursed her expenses, left her job and came to defendants' home. The move, into a house that had three levels, was accomplished on March 1, 1962.

The next day, plaintiff and Paula unpacked cartons of household items. At about 11:00 A.M., plaintiff walked up the stairway to the third level. Paula, without telling plaintiff, took a box and placed it on the stairway. A short time later, plaintiff "[w]as coming down, loaded up with clothes, as usual, and I couldn't see too much down * * * I was leaning against the railing * * * I found myself slipping and my foot got into something * * *. I noticed that my foot was inside of a box." Paula Michaels, called by plaintiff as an adverse witness, told the jury of her letter inviting plaintiff to her home and of the incident on March 2, 1962 when she placed the box on the stairway just before plaintiff's fall. In addition, by stipulation, a deposition of the doctor who examined plaintiff in March 1969 was read to the jury. At the close of plaintiff's case, defendants moved for a directed verdict on two grounds. They argued that (1) plaintiff's evidence proved she was their social guest, a licensee in their home to whom they owed only the duty to refrain from willful and wanton conduct which could cause injury; and (2) the evidence proved plaintiff, as a matter of law, was guilty of contributory negligence because she walked down the stairway with her arms so full of clothes that she could not see where she was going. After hearing argument, the trial judge concluded that plaintiff was a social guest and that even if she were an invitee in defendants' home, she was guilty of contributory negligence. Therefore, he ruled that defendants were entitled to a directed verdict. The issue is whether this ruling was correct.

■■ We begin with the principle that the trial judge ought to have directed the verdict only if all the evidence, viewed in its aspect most favorable to plaintiff, so overwhelmingly favored defendants that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504; *Bachman v.*

*Illinois Central R. Co.,* (Ill.App.2d), 268 N.E.2d 42.) Correctness of the ruling depends on plaintiff's status in defendants' home when she was injured, that is, whether she was a social guest or an invitee.

Plaintiff contends that her status was a question of fact for the jury. She argues that there was evidence which would have sustained a verdict that she was defendant's invitee. Plaintiff insists that defendants' motion should have been denied and the jury allowed to decide whether she was guilty of contributory negligence and whether she was injured by defendants' negligence.

Defendants, on the other hand, contend that plaintiff was their social guest, a licensee on their property, to whom they owed no other duty than to refrain from willful and wanton conduct that could cause her injury. They argue that on plaintiff's evidence, no verdict, contrary to the one directed, could ever stand. It is necessary, therefore, that from the evidence in the record we determine whether, as defendants contend, plaintiff was defendants' social guest who, as a matter of law, was guilty of contributory negligence when she was injured, or, as plaintiff insists, she was an invitee on defendants' property who, in the exercise of due care for her safety, was injured by defendants' negligence. In making this determination we must resort to the authoritative sources of our law and language.

■■■ Webster, in the context that concerns us, defines "social" as that which is "[s]pent, taken, enjoyed * * * in the company of one's friends or equals; marked by or pertaining to companionship * * * for the sake of diversion * * *." A guest, he tells us, is "[a] person entertained in one's house or at one's table; * * * hence, a person to whom the hospitality of a home is extended." (Webster's New International Dictionary, 2d ed. 1949.) Therefore, a "social guest" is a person who goes on the property of another for companionship, diversion, enjoyment of hospitality. He is a licensee who enters the premises of the owner by permission, but for his own purposes. (See *Casey v. Adams,* 234 Ill. 350, 84 N.E. 933; compare *Dobrin v. Stebbins,* 122 Ill.App.2d 387, 259 N.E.2d 405.) To his social guest the owner is liable only for injuries occasioned by willful and wanton misconduct. *Cunag v. McCarthy,* 42 Ill.App.2d 36, 191 N.E.2d 404; I.L.P. Negligence § 56; Annot., 79 A.L.R.2d 90 (161).

■■■ An invitee, as that term has evolved in Anglo-American law, is a person who goes on the property of another by express or implied invitation to transact business in which he and the owner have a mutual interest. (*Ellguth v. Blackstone Hotel, Inc.,* 408 Ill. 343, 347, 97 N.E.2d 290.) He is invited on the premises of the owner to promote some real or fancied material, financial, or economic interest of the owner. To his

invitee the owner is liable for injuries caused by the failure to exercise due care to make the premises reasonably safe for the invitee's use. (*Pauckner v. Wakem,* 231 Ill. 276, 83 N.E.202.) In this country and in England, the test of invitee status in this definition has been economic activity or benefit. See *Dowd v. Portsmouth Hospital* (1963), 105 N.H. 53, 193 A.2d 788, and Annot., 95 A.L.R.2d 992 (1964).

However, the trend in modern English and American law is away from economic activity or benefit as the exclusive test of invitee status on the land of another. (*Lunney v. Post,* (Ct.App.Fla. 1971), 248 So.2d 504; Occupier's Liability Act, 5 & 6 Eliz. 2c. 31 (1957); Prosser, Torts, (3d ed.) 394-401 (1964), 2 Harper & James, The Law of Torts, § 27.12 (1956).) Examples of this trend in Illinois are *Augsburger v. Singer,* 103 Ill.App.2d 12, 242 N.E.2d 436, decided by the second district appellate court in 1968; *Drews v. Mason,* 29 Ill.App.2d 269, 172 N.E.2d 383, decided by the third district in 1961; *Bogovich v. Schermer,* 16 Ill.App.2d 197, 147 N.E.2d 711 and *Hamilton v. Faulkner,* 80 Ill.App.2d 159, 224 N.E.2d 304, decided by the fourth district in 1958 and 1967, respectively. *Kapka v. Urbaszewski,* 47 Ill.App.2d 321, 198 N.E.2d 569, decided by this district in 1964, and relied on by defendants, is a case which on its facts is consistent with the trend in the modern law of invitee-owner relations. A survey of this trend is to be found in an annotation in which the author concludes that "[i]n a number of the more recent cases the courts have expressly rejected economic benefit as the exclusive test of invitee status." Annot., 95 A.L.R.2d 992, 1006 (1964).

■■ Illinois decisional law supports the rule that a person is an invitee on the land of another if (1) he enters by invitation, express or implied, (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land and (3) there is a mutuality of benefit or a benefit to the owner. (See *Drews v. Mason, supra,* and compare *Milauskis v. Terminal RR. Ass'n.,* 286 Ill. 547, 122 N.E. 78.) The status of an invitee does not depend on whether the invited person is to gain an advantage or benefit from his entry; it is sufficient that the go on the land in furtherance of the owner's business or an activity he conducts or permits on the premises. *Augsburger v. Singer, supra.*

■■ When these definitions and principles are applied to the evidence in this case, Paula Michaels' letter inviting plaintiff to come to defendants' home and help them move from one house to another acquires significance. The help which defendants requested involved labor, not companionship. Common sense tells us all that one who goes to the home of another to help him move and care for his children is not partaking of diversion or hospitality. We assume that familial conviviality

was one of the inducements that led plaintiff to accept defendants' invitation. However, plaintiff's purpose in leaving her seamstress' job in New Jersey and traveling to defendants' home in Skokie, Illinois, without expectation of compensation or reimbursement of expenses, was in furtherancet of an activity which, for their benefit, defendants were conducting on their property: the moving of their home from one house to another. Therefore, plaintiff was not defendants' social guest; she was their invitee. *Benedict v. Podwats* (1970), 109 N.J. Super. 402, 263 A.2d 486; *Brant v. Matlin* (Ct.App.Fla. 1965), 172 So.2d 902; *Murdock v. Petersen* (1958), 74 Nev. 363, 332 P.2d 649.

This status of plaintiff on their property imposed on defendants the duty to exercise reasonable care for her safety. (*Blue v. St. Clair Country Club*, 7 Ill.2d 359, 131 N.E.2d 31; 65 C.J.S. Negligence § 63 (45).) Whether defendants breached this duty when Paula Michaels, without plaintiff's knowledge, placed the box on the stairway was a question of fact for the jury to determine, considering all the circumstances of the case with proper instructions from the court. (*Shatkus v. Checker Taxi Co., Inc.*, 111 Ill.App.2d 1, 249 N.E.2d 704; 57 Am. Jur.2d, Negligence § 7.) It was also a question for the jury whether defendants' negligence was the proximate cause of plaintiff's injuries. (*Holsman v. Darling State Street Corp.*, 6 Ill.App.2d 517, 128 N.E.2d 581; and see *Ryan v. Harry's New York Cabaret*, 293 Ill.App. 534, 12 N.E.2d 905.) The trial judge ruled, however, and defendants argue here, that as a matter of law plaintiff was guilty of contributory negligence which barred her from recovery, even if she were defendants' invitee.

■■ Contributory negligence is ordinarily a question for the jury, guided by proper instructions from the court. (*Olson v. Weingard*, 77 Ill.App.2d 274, 222 N.E.2d 24; *Swenson v. City of Rockford*, 9 Ill.2d 122, 136 N.E.2d 777; 57 Am.Jur.2d Negligence, §§ 7, 295.) Each case must be determined on its own facts. (*Murad v. Witek*, 48 Ill.App.2d 137, 199 N.E.2d 809.) To have proved that plaintiff was guilty of contributory negligence as a matter of law, defendant had to show that all the evidence, viewed most favorably to her, so overwhelmingly established plaintiff's negligence that no verdict in her favor could ever stand. (*Maddox v. Grisham*, 124 Ill.App.2d 421, 260 N.E.2d 336; *Bebb v. Yellow Cab Co.*, 120 Ill.App.2d 454, 257 N.E.2d 164.) Contributory negligence becomes one of law only when evidence is such that no reasonable inference can be drawn from it to support a plaintiff's conduct. *Hedge v. Midwest Contractors Equipment Co., Inc.*, 53 Ill.App.2d 365, 202 N.E.2d 869.

■■ At the close of plaintiff's case, the evidence showed she had walked up and down the stairway in defendants' home four or five times

without accident; and then, she walked down the same stairway, guiding herself by leaning against the railing, although with clothes in her arms that impeded her vision. Obviously, conflicting inferences can be drawn from this evidence. Therefore, whether the conduct described constituted contributory negligence that caused plaintiff's injuries was a question best suited for the jury. (Compare *Bozarth v. McGrath Sand and Gravel Company*, (Ill.App.2d), 271 N.E.2d 374.) In our judgment, the evidence at the close of plaintiff's case did not establish contributory negligence as a matter of law.

■■ We conclude that the jury did not have before it, at the close of plaintiff's case, evidence which so overwhelmingly favored defendants that no contrary verdict could ever stand. If the jury, properly instructed, had returned a verdict that plaintiff was defendants' invitee, that she was free of negligence and that defendants' negligence caused her injuries, such a verdict could stand. Therefore, the standard of *Pedrick* was not met when the trial judge sustained defendants' motion, took the case from the jury and directed the verdict against plaintiff. This was error.

For these reasons, the judgment is reversed and thet cause remanded for a new trial consistent with this opinion.

Reversed and remanded.

SCHWARTZ, and STAMOS, JJ., concur.